UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JETON LITA,

                            Plaintiff,                   **REPORT AND RECOMMENDATION**

        v.                                **25-cv-01165 (NJC) (ST)**

EXPERIAN INFORMATION SOLUTIONS
INC., EQUIFAX INC., and TRANSUNION,


                           Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On February 25, 2025, Plaintiff Jeton Lita ("Plaintiff") sued Defendants Experian

Information Solutions Inc., Equifax Inc., and TransUnion LLC (collectively "Defendants").

Before this Court is Defendants' Motion to Dismiss (the "Motion"), filed July 11, 2025.  For the

reasons discussed below, this Court respectfully recommends that the District Court GRANT the

Motion and DISMISS the Complaint.


## LEGAL STANDARD

Defendants move to dismiss the Complaint for failure to comply with Fed. R. Civ. P. 8(a)

and for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).  Fed. R. Civ. P.

8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that

the pleader is entitled to relief." Moreover, "[e]ach averment of a pleading shall be simple, concise,

and direct." Fed. R. Civ. P. 8(e)(1). These requirements are designed to compel a plaintiff to

identify the relevant circumstances which he claims entitle him to relief in such a manner that the

defendant is provided with fair notice so as to enable him to answer and prepare for

trial. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988); *see generally* 5 Wright & Miller, Federal Practice & Procedure: Civil, § 1217, at 166–78 (2d ed. 1990). However, "[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system" and must be dismissed. *Prezzi v. Berzak,* 57 F.R.D. 149, 151 (S.D.N.Y.1972); *accord Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (per curiam), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1983); *Chodos v. F.B.I.,* 559 F.Supp. 69, 71–72 (S.D.N.Y.), *aff'd,* 697 F.2d 289 (2d Cir.1982), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12. To survive such a motion, a complaint must contain sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In doing so, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019). However, allegations that "are no more than conclusions are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010); *see Iqbal*, 556 U.S. at 663 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Larsen v. Berlin Bd.*

2

*of Educ.*, 588 F.Supp.3d 247, 256 (D. Conn. 2022) ("a court need not credit conclusory or contradictory allegations.").

## DISCUSSION

The Court recommends that Defendants' Motion be granted as Plaintiff's Complaint both fails to comply with Fed. R. Civ. P. 8(a) and fails to state a cause of action under Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint is virtually incomprehensible, riddled with arbitrary legal references, and lacks sufficient factual allegations to state a claim. As many Courts have held, "sovereign-citizen type theories and ideology . . . are frivolous, irrational, unintelligible, and ungrounded in American law." *United States v. Herbert*, No. 22-CR-141S (1), 2024 WL 2972043, at *3 (W.D.N.Y. June 13, 2024). Plaintiff's complaint is frivolous, in that "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Indeed, dismissal is warranted based on Plaintiff's fanciful and unfounded legal theories alone. *see, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *Bayne v. Health Ins. Portability & Accountability Act*, 2012 WL 119617, at *4 (E.D.N.Y. Jan. 17, 2012) (collecting cases).

The Court, in attempting to discern Plaintiff's Complaint, finds that Plaintiff's Complaint appears to claim that Defendants committed "Consumer Credit Reporting Agency Violations upon Plaintiff." Compl. at ¶ 1, ECF No. 1. The factual details supporting such a claim are virtually nonexistent. Plaintiff also claims that Defendants are liable for "aggravated identity theft pursuant to 18 U.S. Code § 1028A." *Id.* at ¶ 10. Plaintiff, in support of such an assertion provides that:

> Plaintiff informed Defendants, that Plaintiff is aware consumer reporting agencies may furnish consumer reports in accordance with the written instructions from the consumer to whom it relates. Plaintiff demanded Defendants provide the written instructions that Defendants received from Plaintiff which has authorized the

furnishing of these reports. If Defendants cannot provide these written instructions by the Plaintiff prior to this notice then this has been a fraudulently made consumer report using Plaintiff's identifying information, and that this shows proof of 15 U.S. Code § 1681 b(a)(2) being violated by Defendants, which constitutes aggravated identity theft pursuant to 18 U.S. Code§ 1028A.

*Id.* The Court, in examining such factual allegations in good faith, is unable to discern what Plaintiff is saying at all. In fact, viewed in its best light, Plaintiff's Complaint contains little more than incessant assertions that Plaintiff informed Defendants of some arbitrary constitutional provision or agency code, without any sort of factual reference to how Defendants may have violated such provisions or codes. *See generally* Compl. Plaintiff's Complaint provides only conclusory, vague, and general factual allegations and thus provides the Court with no adequate basis to make out the nature of Plaintiff's claims. Accordingly, it is clear that the Complaint violates the basic tenet of the Federal Rules of Civil Procedure, i.e., that a defendant must be given adequate notice of his alleged wrongdoing which would enable him to frame a defense. *See Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991). Furthermore, Plaintiff, in his Opposition to Defendants' Motion, provides nothing of substance to elucidate his Complaint or even contest Defendants' arguments as to why Plaintiff's Complaint should be dismissed. *See generally* Pl.'s Opp'n. In fact, the entirety of Plaintiff's Opposition simply details the procedural posturing of the case since the filing of the Complaint, which is of little import to the matter at hand. *Id.*

While it is true that Plaintiff is *pro se* and that *pro se* complaints must be liberally construed and all possible inferences must be drawn in favor of a *pro se* plaintiff; this policy does not entail that a Court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable. *Id. (citing Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594,

595, 30 L.Ed.2d 652 (1972); *Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989)). Therefore, this Court recommends that the District Court grant Defendants' Motion to Dismiss Complaint for Plaintiff's failure to comply with Fed. R. Civ. P. 8(a) and for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court GRANT Defendants' Motion and DISMISS the Complaint.

## OBJECTIONS TO THIS REPORT AND RECOMMEDATION

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 Fed. Appx. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
March 4, 2026

5